Case 4:21-cv-02360   Document 11   Filed on 02/17/22 in TXSD   Page 1 of 6



United States District Court
Southern District of Texas
**ENTERED**
February 17, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SIMON JOSE BOLIVAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:21-CV-02360 |
| | § | |
| LOVE'S CORPORATION and RANDAL CROWE, | § § § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Defendant Love's Corporation's[1] ("Love's") Motion to Dismiss (Doc. No. 7). Plaintiff Simon Jose Bolivar ("Plaintiff" or "Bolivar") did not respond to the motion in a timely manner and has yet to respond in any fashion. After considering the motion and applicable law, the Court grants the motion.

### I. Background

Plaintiff filed this discrimination lawsuit on July 16, 2021, against truck-stop and convenience store chain Love's as well as store manager Randal Crowe ("Crowe"). The allegations of Bolivar's pro se complaint are as follows. Bolivar sought employment at a Love's store in Katy, Texas. The manager of the store, Crowe, interviewed Bolivar for a job on June 3, 2021. At the interview, Bolivar disclosed he had a disability. Crowe responded that Love's could not employ Bolivar unless he could lift fifty pounds, something that Bolivar's disability apparently prevents him from doing. Bolivar pleaded for an opportunity to work anyway. Crowe offered him a position

---

[1] In its motion to dismiss, Love's notes that its correct name is Love's Travel Stops & Country Stores, Inc. (Doc. No. 7-1, at 1).

in the restaurant portion of the store. Bolivar responded that he "had no experience and never worked in a restaurant." At this, Crowe revoked the offer and ended the interview.

After the interview, Crowe allegedly started harassing Plaintiff in the store. In this regard, Plaintiff states that the store would sometimes charge him double for products. Additionally, on June 13, 2021, Bolivar went to the store to use its shower facilities. Crowe told Bolivar that this would be his last shower and told him to leave the store.

Plaintiff was thereby motivated to file the present lawsuit, bringing Title VII claims for hiring discrimination and hostile work environment, as well as for violations of the Americans with Disabilities Act (ADA). Defendant Love's appeared in the case and filed a motion to dismiss for failure to state a claim. (Doc. No. 7). Defendant Crowe has not been served.

## II. Legal Standard

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

### III. Discussion

A. Dismissal Pursuant to the Local Rules

Local Rules 7.3 and 7.4 of the Southern District of Texas state that a motion will be submitted to the judge twenty-one days after filing (October 14, 2021, in this case) and that the failure to respond will be taken "as a representation of no opposition." Rule 7.4(a) plainly states that such responses must be filed by the submission date. Therefore, the local rules would allow the Court to grant Love's Motion to Dismiss (Doc. No. 7) as it should be considered unopposed. However, the Fifth Circuit has explained that "although we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation." *John v. Louisiana*, 757 F.2d 698, 707–09 (5th Cir. 1986). In fact, the Fifth Circuit has explicitly held that "failure to oppose a 12(b)(6) motion is not in itself grounds for granting the motion." *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012). Therefore, a dismissal pursuant to the local rules based solely on Plaintiff's failure to respond to Love's motion would be improper. The Court will now turn to the merits of Love's Motion to Dismiss.

B. Love's Motion to Dismiss

1. *Failure to Exhaust Administrative Remedies*

Love's has moved to dismiss Plaintiff's claims on the basis that Plaintiff failed to exhaust his administrative remedies before filing suit. (Doc. No. 7-1, at 3). Bolivar's complaint indicates that he did not file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). (Doc. No. 1, at 1).

To bring a claim under Title VII and the ADA, a plaintiff must first exhaust his administrative remedies. *Taylor v. Books a Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002). To do so, he must file a charge with the EEOC that identifies the employment practices he is challenging. 42 U.S.C. § 2000e–5(e)(1), (f)(1); *see also id.* § 12117(a) (ADA enforcement provision incorporating by reference Title VII's filing prerequisite). The filing of such a charge is a "is a precondition to filing suit in district court." *Cruce v. Brazosport Indep. Sch. Dist.*, 703 F.2d 862, 863 (5th Cir. 1983).

Bolivar's complaint appears to argue that this court may hear his claims anyway because filing a charge of discrimination with the EEOC is not a *jurisdictional* prerequisite. *Id.* at 8 (citing *Fort Bend County v. Davis*, 139 S. Ct. 1843 (2019)). While Plaintiff is correct that Title VII's charge-filing precondition to suit is not "jurisdictional," it is still a mandatory claim-processing rule. *See Fort Bend County*, 139 S. Ct. at 1849. As a result, this Court is required to enforce the rule where, as here, the defendant timely raises it. *Id.* Therefore, Plaintiff's claims against Love's Corporation must be dismissed.[2]

---

[2] Because the Court dismisses Plaintiff's discrimination and ADA claims against Love's for failure to exhaust administrative remedies, the Court does not reach Love's arguments addressing the substance of these claims.

4

*2. Hostile Work Environment Claim*

Ordinarily, where a plaintiff has failed to fulfill the charge-filing requirement, the appropriate disposition of Title VII and ADA claims is dismissal without prejudice. *See Stroy v. Gibson*, 896 F.3d 693, 698, n.2 (5th Cir. 2018). A plaintiff may then return to the court after he has exhausted his administrative remedies. With respect to Plaintiff's hostile work environment claim, however, Plaintiff plainly cannot state a claim for relief, even if the charge-filing requirement were met.

To state a claim for hostile work environment, "[a]n employer-employee relationship is required." *McCorvey v. Univ. of Tex. Health Sci. Ctr. at San Antonio*, No. 2016 WL 8904949, at *16 (W.D. Tex. Dec. 21, 2016) (citing *Foster v. Hall*, 54 F. App'x 794, 794 (5th Cir. 2002)). Bolivar clearly alleges he was not ever hired by Love's. (Doc. No. 1, at 3, 9). Therefore, returning to the Court on this claim would be futile. Accordingly, the Court finds that Plaintiff's hostile work environment claim should be dismissed with prejudice.

C. Service on Defendant Crowe

The docket sheet indicates that Defendant Randal Crowe has not been served. This case was filed on July 16, 2021. Because the 90 days allowed for service under FED. R. CIV. P. 4(m) has passed, Plaintiff shall have thirty (30) days from the date this Order is entered to show cause why his claims against Crowe should not be dismissed pursuant to FED. R. CIV. P. 4(m) and/or 41(b).

**IV. Conclusion**

For the foregoing reasons, Defendant Love's Motion to Dismiss (Doc. No. 7) is **GRANTED**. Plaintiff's hostile work environment claim against Love's is hereby dismissed with

prejudice. The rest of Plaintiff's claims against Love's are hereby dismissed without prejudice to re-filing, provided Plaintiff meets the charge-filing requirement under Title VII and the ADA.

Furthermore, Plaintiff is **ORDERED** to show cause within thirty (30) days why his claims against Defendant Crowe should not be dismissed.

Signed at Houston, Texas, this 17th day of February, 2022.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE